DECISION ON PRO EQUIPMENT RENTAL, INC.'S MOTION TO SEVER AND FOR PRIORITY ASSIGNMENT OF ITS MECHANICS' LIEN CASE ON THE TRIAL CALENDAR FOR HEARING ON THE MERITS
Petitioner, Pro Equipment Rental, Inc., ("Pro Equipment") has requested that this Court sever its action from those of the consolidated co-claimants and confer upon it priority status. Although G.L. 1956 § 34-28-18 mandates the consolidation of multiple petitions filed "against the same or any part of the same property," Pro Equipment argues that it should be treated separately for reasons of "convenience, expedition and economy." (Petitioner's memo., p. 3). Pro Equipment emphasizes that it filed the first lien of all the claimants and stands in a distinct posture as an equipment supplier. Unlike its fellow petitioners who are contractors and subcontractors, Pro Equipment supplied equipment and can prove its "cut and dry" claim largely on the basis of documentary evidence. Despite the asserted simplicity of Pro Equipment's eventual presentation, it incongruously argues that "there is the potential for the claims and issues in the other mechanics' lien cases to prejudice and confuse the claims and issues in Pro Equipment's case and the very purpose of Rule 42(b) is to avoid such a result." (Petitioner's *Page 2 
Memo. p. 4 with citations). However, the sample invoices Petitioner has attached to its memorandum (See Petitioner's Exh. 2) demonstrate the contrary as they are not susceptible of any confusion whatsoever. Pro Equipment has failed to establish any potential for the confusion and prejudice it asserts.
This Court is of the opinion that equity (in this particular scenario of multiple liens and lawsuits emanating from the same project) demands that consolidation be preserved. Thus, Pro Equipment's motion to sever its claim is denied.
Pro Equipment is free to re-assert any claim for priority hearing/acceleration before the justice in charge of the civil trial calendar after the disposition of the summary judgment motions, which will be decided in tandem and issued simultaneously with this decision. *Page 1